UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

DENISE A. PATE,
   Plaintiff

vs

NANCY SCHULTZ, et al.,
   Defendants

Case No. 1:07-cv-546
Barrett, J.; Hogan, M.J.

**REPORT AND RECOMMENDATION**

Plaintiff Denise A. Pate brings this action pro se pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000 *et seq.*, and the Americans with Disabilities Act, 42 U.S.C. §§ 1201 *et seq.*, alleging discrimination in employment against Nancy Schultz, Brian Haberman, and Melinda Long-Copeland, employees of plaintiff's former employer IFS Financial Services. IFS Financial Services is not named as a defendant in this matter.

This matter is before the Court on defendants' motion to dismiss (Doc. 6), to which plaintiff has not responded, and plaintiff's motion for appointment of counsel. (Doc. 5). For the reasons that follow, defendants' motion to dismiss should be granted, and plaintiff's motion for appointment of counsel should be denied as moot.

Rule 12(b)(6) authorizes dismissal of a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To avoid dismissal for failure to state a claim for relief, the complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). While the plaintiff need not plead specific facts, his statement must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson v. Pardus,* 127 S.Ct. 2197 (2007) (citations omitted).

When considering a motion to dismiss pursuant to Rule 12(b)(6), the Court must accept as true all factual allegations in the complaint and must draw inferences in a light most favorable to the plaintiff. *Scheuer v. Rhodes,* 416 U.S. 232, 236, (1974). *See also Bell Atlantic Corp. v. Twombly,* 127 S.Ct. 1955, 1965 (2007). In *Twombly*, the Supreme Court explained that, "once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Twombly,* 127 S.Ct. at 1969.[1] The plaintiff's ground for relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 1965. *See Papasan v. Allain*, 478 U.S. 265, 286 (1986) (courts "are not bound to accept as true a legal conclusion couched as a factual allegation"); *Lewis v. ACB Bus. Servs., Inc.,* 135 F.3d 389, 405-06 (6th Cir. 1998) ("court need not accept as true legal conclusions or unwarranted factual inferences"). The complaint "must contain either direct or inferential allegations with respect to all material elements necessary to sustain a recovery under some viable legal theory."*Weiner v. Klais and Co., Inc.,* 108 F.3d 86, 88 (6th Cir. 1997) (citing *In re DeLorean Motor Co.,* 991 F.2d 1236, 1240 (6th Cir. 1993)). "Factual allegations must be enough to raise a right to relief above the speculative level[.]" *Twombly,* 127 S.Ct. at 1965 (citations omitted). While the complaint need not contain "heightened fact pleading of specifics," it must provide "enough facts to state a claim to relief that is plausible on its face" to survive a motion to dismiss. *Twombly,* 127 S.Ct. at 1974.

Defendants seek dismissal of the complaint on the basis that it fails to state a claim for

---

[1] The *Twombly* Court made it plain that courts should no longer use the language of *Conley v. Gibson,* 355 U.S. 41 (1957), that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim that which would entitle him to relief," when evaluating whether a complaint can withstand a dismissal motion. *Twombly,* 127 S.Ct. at 1968 (quoting *Conley,* 355 U.S. at 45-46).

2

relief pursuant to Fed. R. Civ. P. 12(b)(6). Specifically, defendants assert that because plaintiff's complaint names three individuals as defendants, none of whom is an "employer" within the meaning of Title VII or the ADA, the complaint fails to state a claim for relief and must be dismissed. The Court agrees.

Plaintiff's Title VII and ADA claims against the individually named defendants must be dismissed because these individuals cannot be held liable as defendants under Title VII or the ADA. In *Wathen v. General Elec. Co.*, 115 F.3d 400 (6th Cir. 1997), the Sixth Circuit held, "[A]n individual employee/supervisor, who does not otherwise qualify as an 'employer,' may not be held personally liable under Title VII." *Id.* at 405. Likewise, under the ADA, "[i]ndividual supervisors who do not independently qualify under the statutory definition of employers may not be held personally liable in ADA cases." *Sullivan v. River Valley School Dist.*, 197 F.3d 804, 808 n.1 (6th Cir. 1999). *See also Wiley v. Wright State University*, 2007 WL 2325492, *7 (S.D. Ohio 2007); *Brantley v. Runyon*, 1997 WL 373739, *4 (S.D. Ohio 1997). Plaintiff alleges no facts indicating defendants Schultz, Haberman, and Long-Copeland qualify as employers under Title VII or the ADA. For this reason, the Court determines that defendants' motion to dismiss is well-taken and should be granted, and that plaintiff's motion for appointment of counsel should be denied as moot.

**IT IS THEREFORE RECOMMENDED THAT** defendants' motion to dismiss (Doc. 6) be **GRANTED**, and plaintiff's motion for appointment of counsel (Doc. 5) be **DENIED** as moot.

Date 6/2/08

Timothy S. Hogan
United States Magistrate Judge

3

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

DENISE A. PATE,
    Plaintiff

Case No. 1:07-cv-546
Barrett, J.; Hogan, M.J.

vs

NANCY SCHULTZ, et al.,
    Defendants

**NOTICE TO THE PARTIES REGARDING THE FILING OF OBJECTIONS TO THIS R&R**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **TEN (10) DAYS** after being served with a copy thereof. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **TEN DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

| SENDER: COMPLETE THIS SECTION | COMPLETE THIS SECTION ON DELIVERY | |
|---|---|---|
| ■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.<br>■ Print your name and address on the reverse so that we can return the card to you.<br>■ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Signature<br>X | ☐ Agent<br>☐ Addressee |
| | B. Received by (Printed Name) | C. Date of Delivery |
| 1. Article Addressed to:<br><br>Denise A. Pate<br>1566 Lemontree Drive<br>Cincinnati, OH 45240 | D. Is delivery address different from item 1? ☐ Yes<br>If YES, enter delivery address below: ☐ No | |
| | 3. Service Type<br>☒ Certified Mail ☐ Express Mail<br>☐ Registered ☐ Return Receipt for Merchandise<br>☐ Insured Mail ☐ C.O.D. | |
| | 4. Restricted Delivery? (Extra Fee) ☐ Yes | |
| 2. Article Number<br>(Transfer from service label) | 7007 1490 0001 0562 6851 | |
| PS Form 3811, August 2001 | Domestic Return Receipt | 102595-01-M-2509 |

1:07cv546 Doc. 8